IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 APR -5  P 5: 56

CLERK'S OFFICE
AT GREENBELT

BY_____

MARITA HENDRICKS,                             *

     Plaintiff,                          *

v.                                            Case No.: GJH-14-2695

                                                *

THE QUIKRETE COMPANIES, INC.

                                            *

     Defendant.

                                            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Marita Hendricks ("Plaintiff" or "Hendricks") filed suit on August 20, 2014

against her employer, the Quikrete Companies ("Defendant" or "Quikrete"), alleging various

violations under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act,

and the Equal Pay Act. The case was stayed on July 29, 2015, and the matter was referred to

Magistrate Judge Charles B. Day for mediation. ECF No. 23. Now pending before the Court is

Defendant's Motion to Dismiss for Lack of Prosecution, ECF No. 37, and Plaintiff's Motion to

Lift Stay, ECF No. 38. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the

following reasons, the Court denies Defendant's Motion to Dismiss for Lack of Prosecution and

grants Plaintiff's Motion to Lift Stay.

### I.    BACKGROUND

Plaintiff filed an amended Charge of Discrimination with the Equal Employment

Opportunity Commission ("EEOC") on May 30, 2012, and the EEOC issued its final

Determination on March 31, 2014. ECF No. 1 ¶¶ 5–7. Hendricks received her Notice of Right to

Sue on May 22, 2014, *id.* ¶ 8, and filed the instant Complaint in this Court on August 20, 2014.

ECF No. 1. Defendant filed an Answer to the Complaint on November 25, 2014, ECF No. 10,

the Court entered a Scheduling Order, ECF No. 15, and the parties proceeded to engage in "some

written discovery," *see* ECF No. 37-1 at 2.[1] On July 24, 2015, the parties jointly moved the Court

to stay the case and refer the matter to a Magistrate Judge for a settlement conference. ECF No.

22; ECF No. 23.

Judge Day scheduled a settlement conference for October 14, 2015. ECF No. 25.

However, on September 30, 2015, Plaintiff's counsel Jeanett Henry informed Defendant's

counsel that she intended to withdraw, and did so on October 14, 2015. *See* ECF No. 37-4 at 3;

ECF No. 27. Following a conference call between the parties and Judge Day on October 7, 2015,

the settlement conference was cancelled. *See* ECF No. 37-1 at 3; ECF No. 37-6 at 2. Hendricks

was advised that she could participate in the settlement conference without an attorney. ECF No.

37-8 at 2. On January 5, 2016, the settlement conference was rescheduled for February 12, 2016,

ECF No. 32, but Hendricks contacted Judge Day's chambers on January 18, 2016, notifying

Judge Day that she had not obtained a new attorney, and requesting a continuance until she could

obtain legal representation. ECF No. 37-9 at 2.

Following a telephone status conference with this Court on January 27, 2016, the Court

provided Plaintiff until March 2, 2016 to retain replacement counsel. *See* ECF No. 34. On March

2, 2016, Plaintiff advised the Court via telephone conference that she had retained counsel. *See*

ECF No. 37-1 at 4. However, Plaintiff's new lawyer, Torrance Colvin, did not enter his

appearance with the Court until May 18, 2016. ECF No. 36. Defendant's counsel reached out to

Mr. Colvin on May 18, 2016, inquiring as to whether Ms. Hendricks would be "still amenable to

holding a settlement conference." ECF No. 37-10 at 2. Mr. Colvin responded on July 5, 2016,

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

stating that "Ms. Hendricks would like to proceed forward. Is your client willing to consent to a motion to lift the current stay of discovery?" ECF No. 37-11 at 3. Defendant's counsel replied that "[t]he case was in a holding pattern in order for your client to retain counsel to represent her at the settlement conference." *Id.* Plaintiff allegedly did not respond to this email or to a follow-up email. ECF No. 37-1 at 4.

In response to correspondence from this Court on August 18, 2016, Mr. Colvin stated via email on August 18, 2016 that "[h]aving had extensive conversation with Plaintiff, it is her intention to proceed forward without mediation at this point in time. Plaintiff would like for the stay to be lifted." ECF No. 37-13 at 2. The Court then directed Counsel to "file a status report on the docket." *Id.* Plaintiff did not file a status report. Instead, it was not until February 2, 2017 that Mr. Colvin emailed Defendant's counsel, indicating that Plaintiff "intends to file a Motion to Lift the Stay in this case. Does Defendant consent?" ECF No. 37-14 at 2. On that same day, Defendant filed the presently pending Motion to Dismiss for Lack of Prosecution, ECF No. 37, and Plaintiff also filed a Motion to Lift Stay, ECF No. 38. In the Motion to Lift Stay, counsel for Plaintiff further explained that:

> Undersigned counsel's father was diagnosed with stage four cancer on July 23, 2016. Undersigned counsel spent much of the next three months prior to his father's passing on October 26, 2016 in Boston at Dana Farber Cancer Institute. Due to travel and lack of adequate staff, undersigned counsel did not immediately file a motion to lift the stay.

ECF No. 38 at 2.

## II.    ANALYSIS

Under Fed. R. Civ. P. 41(b), the Defendant "may move to dismiss the action or any claim against it," where the Plaintiff has failed to prosecute the action or failed to comply with the Rules or the Court's orders. Fed. R. Civ. P. 41(b). Unless otherwise stated, dismissal under Rule

41(b) "operates as an adjudication on the merits," that is, with prejudice. *Rahim, Inc. v. Mindboard, Inc.*, No. CV GLR-16-1155, 2017 WL 1078409, at *2 (D. Md. Mar. 22, 2017) (quoting Fed. R. Civ. P. 41(b)). A dismissal with prejudice under Rule 41(b) is "a harsh sanction which should not be invoked lightly," particularly because the Fourth Circuit recognizes "the sound public policy of deciding cases on their merits." *Id.* (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). Accordingly, the Court must consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990).

Considering the first and third factors together, the record does not demonstrate substantial "personal responsibility" on the part of Hendricks, nor does it show the "presence of a drawn out history of deliberately proceeding in a dilatory fashion." Although Defendant claims that Hendricks personally failed to respond to two emails from Defendant's counsel to Judge Day where Hendricks was copied, ECF No. 37-1 at 3–4, the vast remainder of the cited delays arose from the evidently unexpected withdrawal of Hendricks' first attorney on October 14, 2015. *See* ECF No. 37-8 at 3 (Hendricks stating that "[i]t's been extremely difficult with my former Atty suddenly deciding after one year into it to Quit!" in an email dated December 11, 2015); ECF No. 37-9 at 2 (Hendricks noting "the abrupt way Ms. Henry abandon[ed] my case after handling for more than 1 year" and expressing intent "to continue this case" in an email dated January 18, 2016). "A dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for the attorney's behavior." *Hillig*, 916 F.2d at 174.

Additionally, courts in this jurisdiction have found that "failure to secure counsel because of financial inability is not . . . dilatory conduct by [Plaintiff] under the third Rule 41(b) factor." *Rahim, Inc. v. Mindboard, Inc.*, No. CV GLR-16-1155, 2017 WL 1078409, at *2 (D. Md. Mar. 22, 2017); *see also Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, No. ELH-10-2091, 2011 WL 5555853, at *1, 3 (D. Md. Nov. 15, 2011) (holding that a party's financial inability to secure replacement counsel was not "accompanied by a degree of culpability or prejudice to other parties" such that would support dismissal with prejudice). The record here shows that Hendricks was trying to acquire legal representation, but was experiencing "difficulties [particularly] at this time of the year." ECF No. 37-8 at 3. The cases cited by Defendant, *see* ECF No. 37-1 at 7, are inapposite, as they involve situations where a party failed to comply with a scheduling order or respond to a Motion to Dismiss, *Lacey v. Colvin*, No. CIV. TMD 14-1837, 2015 WL 5602878, at *2 (D. Md. Sept. 22, 2015), or "failed to engage in any form of meaningful discovery." *Van Gorkom v. Deutsche Bank*, No. CIV.WDQ-04-2802, 2007 WL 5065533, at *2 (D. Md. July 12, 2007). Indeed, in this case, there can be no allegation that Plaintiff has failed to participate in discovery, as the original scheduling order in this case has been stayed. *See Rahim, Inc. v. Mindboard, Inc.*, No. CV GLR-16-1155, 2017 WL 1078409, at *2 (D. Md. Mar. 22, 2017) (rejecting arguments that Plaintiff was acting in a dilatory fashion for declining Defendants' attempts to schedule depositions because Plaintiff was under no obligation to comply until Court entered a scheduling order).

Thus, while Hendricks may have been less than diligent in responding to some communications during her time acting as a *pro se* litigant, the record as a whole does not establish a degree of personal responsibility warranting dismissal of her case. The first and third factors of *Hillig* do not weigh in Defendant's favor.

With respect to the second factor, prejudice caused to the Defendant, Defendant claims

that "[t]he facility at which Plaintiff worked closed during her eighteen-month delay,"[2] and

"[w]itness[es]'memories have likely faded," ECF No. 37-1 at 9. But there is no reason to believe

that such challenges will impact Defendant more than Plaintiff, and Defendant has not claimed

that relevant records would no longer be available, or that witnesses could not be found with the

exercise of reasonable effort. *See McCoy v. Conroy*, No. CIV. WDQ-01-1581, 2015 WL

1085129, at *4 (D. Md. Mar. 9, 2015) (declining to dismiss case where "[t]he Plaintiff's base file

and . . . records would not have been 'lost' in the closing of [the facility]," and "[a]lthough

certain records may no longer be available for the relevant period, other relevant records or

information (some of which has been provided by the Plaintiff) are attainable"). Thus, any

prejudice to the Defendant is minimal.

Finally, in consideration of whether there are lesser sanctions available, "the Fourth

Circuit has recognized that lesser sanctions can include any court orders that clearly contemplate

punishment for noncompliance and that pursue subsequent conformity." *Baptiste*, 2015 WL

5714103, at *4 (citing *Anderson v. Found. for Adv., Educ. & Emp't of Amer. Indians*, 155 F.3d

500, 505 (4th Cir. 1998) (internal alterations omitted)). Dismissal is a "drastic" sanction not "to

be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Given the Court's

consideration of the first three factors, the Court finds that such a sanction is not required here.

*Baptiste*, 2015 WL 5714103, at *3 (denying motion to dismiss for failure to prosecute because

"although Plaintiff's conduct [by failing to timely respond and failing to communicate with

Defendants about lack of response] in this case was not exemplary and should be admonished;

there is no evidence of bad faith"). Plaintiff is warned, however, that future failure to abide by

---

[2] Defendant attaches the Declaration of Mark Mulcahy, Vice President of Human Resources for the Quikrete Companies, stating that the facility where Hendricks worked was closed on December 31, 2016. ECF No. 37-15 at 2.

applicable Local and Federal Rules, as well as a failure to comply with Orders from this Court, will result in the dismissal of her case with prejudice.[3]

## III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Want of Prosecution, ECF No. 37-1 at 1, is denied, and Plaintiff's Motion to Lift Stay, ECF No. 38, is granted. A separate Order shall issue.

Date: April 5 , 2017

GEORGE J. HAZEL
United States District Judge

---

[3] The Court will convene a scheduling call and impose deadlines for completion of discovery and dispositive motions consistent with the parties' proposal in the original request for a stay. ECF No. 22 at 2.