# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
*Southern Division*

MARITA HENDRICKS,

    Plaintiff,

v.                               Case No.: GJH-14-2695

THE QUIKRETE COMPANIES, INC.

    Defendant.

## MEMORANDUM OPINION

Plaintiff Marita Hendricks ("Plaintiff" or "Hendricks") initially filed this action against her employer, the Quikrete Companies ("Defendant" or "Quikrete"), alleging violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Equal Pay Act. ECF No. 1. The Court previously denied Defendant's Motion to Dismiss for Lack of Prosecution, ECF No. 37, and granted Plaintiff's Motion to Lift Stay, ECF No. 38. *See* ECF Nos. 45 and 46. The Court held a telephone status call with the parties on April 10, 2017 and set renewed deadlines for discovery. *See* ECF No. 47. Now pending is Defendant's second Motion to Dismiss for Lack of Prosecution and for Monetary Sanctions, ECF No. 49. Plaintiff has not responded to Defendant's Motion, and the time for doing so has passed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss for Lack of Prosecution and for Monetary Sanctions, is granted, in part, and denied, in part. The case will be dismissed with prejudice, but no attorneys' fees shall be awarded.

## I. BACKGROUND

The earlier procedural history of this case was fully set forth in the Court's Memorandum Opinion dated April 5, 2017. ECF No. 45 at 1–3.[1] Following an unsuccessful attempt to resolve this dispute through mediation, on February 2, 2017, Defendant filed a Motion to Dismiss for Lack of Prosecution, ECF No. 37, and Plaintiff filed a Motion to Lift the Stay, which had been in place since July 24, 2015, *see* ECF No. 38. In the Court's previous Opinion, the Court declined to dismiss Plaintiff's case, and lifted the stay, but warned Plaintiff that future failure to abide by applicable Local and Federal Rules, or failure to comply with Court orders, would result in the dismissal of her case with prejudice. The Court convened a scheduling call and imposed new deadlines for completion of discovery. *See* ECF Nos. 44 and 47. Defendant now states that Plaintiff has since failed to notice any depositions, produce outstanding discovery, or show up for her own deposition. ECF No. 49. No motion to compel has been filed, but Defendant moves instead to dismiss the case for failure to prosecute.

In Defendant's Motion to Dismiss for Failure to Prosecute, Defendant's counsel attests that after the Court's April 10, 2017 status call, Defendant's counsel reached out to Plaintiff's counsel twice in an effort to schedule Plaintiff's deposition, but received no response. ECF No. 49-1 at 4; *see* ECF No. 49-6 at 2 (attaching emails sent on April 11 and April 14, 2017). Thus, on April 21, 2017, Defendant's counsel sent Plaintiff's counsel a Notice of Deposition setting Plaintiff's deposition for May 22, 2017. *See* ECF No. 49-7 at 2, 22, 27. On April 21, 2017, Plaintiff's counsel responded via email that Plaintiff was "unavailable the week of the 22nd" and requested that her deposition instead be scheduled "any day between May 4-19." ECF No. 49-8 at 2. Defendant then rescheduled Plaintiff's deposition for May 19, 2017 at 10:00 a.m. ECF No.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

49-9 at 2. At 7:53 a.m. on May 19, 2017, Plaintiff's counsel emailed Defendant's counsel, stating that:

> I just received a message from Ms. Hendricks that due to a transportation delay she will not be able to attend the deposition. I do not have any further specifics. My understanding was that she was in the process of moving to North Carolina but would catch a flight back to BWI yesterday for attendance at the deposition this morning. I am available via cell phone this morning . . .

ECF No. 49-11 at 2.[2] Plaintiff's counsel did not attempt to reschedule the deposition. *See* ECF No. 49-1 at 6.

In addition to missing her deposition, Plaintiff has thus far failed to answer Defendant's Second Set of Interrogatories, originally issued on May 7, 2015, and re-sent on April 21, 2017. ECF No. 49-7 at 22; *see* ECF No. 49-1 at 5. Plaintiff also stated in her April 1, 2015 Response to Defendant's Request for Production of Documents that "Plaintiff has requested documents from her [medical] providers and will produce the same upon receipt and execution of a protective order." ECF No. 49-4 at 3. The Court entered a protective order on July 1, 2015, ECF No. 21, but to date, Plaintiff allegedly has not produced the medical records requested. ECF No. 49-1 at 3. Defendant's counsel further submits that Plaintiff's document production "does not identify which documents are responsive to which requests, and the documents are not [B]ates stamped." ECF No. 49-10 at 3. Plaintiff's counsel sent an email on May 12, 2017, asking Defendant's counsel for "an electronic copy of the full set of discovery that was provided to Ms. Hendricks," ECF No. 49-10 at 2, to which Defendant's counsel replied, "I am afraid I do not understand your request." *Id.* Plaintiff's counsel allegedly did not respond, nor ever produce the outstanding discovery.

---

[2] Defendant's counsel attests that he checked the Baltimore Washington International (BWI) Airport online "Flight Tracker," and that all flights from North Carolina airports to BWI arriving on May 18, 2017 were marked as "arrived." ECF No. 49-12 at 2–9.

Defendant has now filed a renewed Motion for Dismissal for Want of Prosecution and for Monetary Sanctions under Fed. R. Civ. P. 41(b) and 37. ECF No. 49. Plaintiff has not responded to the Motion, and the time for doing so has passed. The Court has considered the facts and procedural history, as well as applicable rules and case law, and now determines that dismissal with prejudice is warranted.

## II. STANDARD OF REVIEW

### A. Dismissal under Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41(b) provides that a Defendant "may move to dismiss the action or any claim against it," where the Plaintiff has failed to prosecute the action or comply with the Rules or the Court's orders. Fed. R. Civ. P. 41(b). The Court considers four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990). "Dismissal with prejudice is ordinarily reserved for the most egregious cases." *Pinkney v. Thigpen*, No. CIV.A. WGC-12-2062, 2014 WL 4825884, at *2 (D. Md. Sept. 24, 2014) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978) (noting that dismissal with prejudice under Rule 41(b) is reserved for a "clear record of delay or contumacious conduct by the plaintiff")).

### B. Sanctions under Fed. R. Civ. P. 37(b)

The Court also has discretion under Fed. Civ. P. 37(b)(2)(A) to impose a range of sanctions on a party for "fail[ing] to *obey an order* to provide or permit discovery" (emphasis added):

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Regarding the award of attorneys' fees, Rule 37 further provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C). The failure to comply with a court order is "substantially justified" where there is "a genuine dispute as to proper resolution" or where "a reasonable person could think that the failure to produce discovery is correct, that is, if it has a reasonable basis in law and fact." *Johnson*, 2015 WL 8538710, at *4 (citing *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

## III. ANALYSIS

### A. Dismissal under Fed. R. Civ. P. 41(b)

#### i. Personal Responsibility

Here, Plaintiff has failed to attend her own deposition, with no apparent justification for doing so, and has made no effort to reschedule the deposition. Additionally, Plaintiff allegedly has not produced outstanding discovery, such as her responses to Defendant's Second Set of Interrogatories or requested medical records. "Failure to respond to interrogatories can merit

5

dismissal or default." *Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C.) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). Moreover, this inaction followed the Court's prior leniency and lifting of the stay — per Plaintiff's request — and the April 10, 2017 status call reminding Plaintiff of these discovery obligations and deadlines. Plaintiff has demonstrated bad faith by ignoring the Court's prior warning that failure to comply with Local and Federal Rules and court orders would result in the dismissal of her case. Despite her request to lift the stay, Plaintiff has not fulfilled her outstanding discovery obligations, or been responsive to Defendant's repeated communications. Plaintiff has also failed to respond in any way to Defendant's Motion to Dismiss for Lack of Prosecution. Plaintiff's conduct in this case thus demonstrates a "pattern of indifference and disrespect to the authority of the court," *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989), and supports the conclusion that she acted in bad faith.

### ii. Prejudice Caused to the Defendant

Prejudice caused to the Defendant at this juncture is substantial. "The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available." *Middlebrooks v. Sebelius*, Civ. No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009). Defendant Quikrete has experienced significant prejudice as a result of Plaintiff's continued noncompliance with discovery requests. Hendricks has not made herself available for deposition. Further, the evidence sought by Defendant's discovery requests "goes to the heart" of Plaintiff's employment discrimination claim, and it cannot be disputed that Plaintiff's failure to answer interrogatories and produce relevant documents precludes Defendant from preparing a defense. *See Johnson*, 2015 WL 8538710, at *3; (citing *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155

F.3d 500, 505 (4th Cir. 1998) (noting that defendant's delay in disclosing the absence of certain documents prejudiced plaintiff)). Here, Defendant has made continued attempts to secure discovery from Plaintiff, to no avail. Thus, Defendant has suffered additional prejudice "in the form of added expenses, aggravation, and delay." *Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. PWG-11-3555, 2013 WL 3863935, at *4 (D. Md. July 23, 2013).

### iii. History of Dilatory Conduct

This Motion marks Defendant's second Motion to Dismiss for Failure to Prosecute. Plaintiff "has yet to comply with the rules of procedure," or abide by Court-imposed deadlines, and "has not indicated a likelihood of responding to future discovery requests." *Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. PWG-11-3555, 2013 WL 3863935, at *4 (D. Md. July 23, 2013). This case has floundered on the docket for nearly three years, and the Court was lenient in denying Defendant's earlier Motion to Dismiss and granting Plaintiff's Motion to Lift Stay. Plaintiff was reminded of the outstanding discovery, permitted additional time to produce the discovery, and failed to do so. Stalling and delaying the discovery process is conduct that "must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. In sum, Plaintiff's dilatory conduct has undermined the Court's ability to manage this case effectively and fairly, and weighs in favor of dismissal.

### iv. Effectiveness of Lesser Sanctions

Finally, Plaintiff's behavior thus far compels the conclusion that sanctions other than dismissal will not be effective at this time. Pursuant to the Court's April 5, 2017 Memorandum Opinion, Plaintiff is well aware that dismissal of her case is a potential sanction. *See Pisani v. Baltimore City Police Dep't*, No. WDQ-12-1654, 2014 WL 1401934, at *4 (D. Md. Apr. 8,

2014) (noting that plaintiff knew dismissal was a possible sanction, and thus finding dismissal with prejudice was warranted). Plaintiff's conduct since the Court's Opinion and status call demonstrates a persistent unwillingness to fully and effectively litigate this case. Lastly, it bears noting that Plaintiff provides the Court with no response to Defendant's Motion to Dismiss; hence, there can be no justification for continued latitude. Plaintiff's case will be dismissed with prejudice.

### B. Attorneys' Fees under Fed. R. Civ. P. 37(b)

As noted, Plaintiff does not provide any justification, let alone a substantial one, for her failure to cooperate in the discovery process. The Court is also unaware of any circumstances that would make an award of expenses unjust. Nevertheless, although the Court warned Plaintiff that future failure to comply with Local and Federal Rules and Court orders would result in the dismissal of her case with prejudice, and Plaintiff's failure to meaningfully participate in discovery warrants dismissal, Plaintiff is not in violation of any specific Order of the Court mandating production of discovery, as contemplated by the plain language of Fed. R. Civ. P. 37(b). Accordingly, Defendant is not entitled to attorneys' fees in this case.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Want of Prosecution and for Monetary Sanctions, ECF No. 49, is granted, in part, and denied, in part. The case is dismissed with prejudice, but no attorneys' fees shall be granted. A separate Order shall issue.

Date: June 20, 2017

GEORGE J. HAZEL
United States District Judge